The Honorable John C. Coughenour
The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, Plaintiff, v. DELMER VELASQUEZ-LICONA, et al., Defendants. | NO. CR20-093 JCC<br><br>UNITED STATES' MEMORANDUM IN SUPPORT OF DETENTION |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. GUSTAVO SANDOVAL-AGURCIA, et al., Defendants. | NO. CR20-094 RSM<br><br>UNITED STATES' MEMORANDUM IN SUPPORT OF DETENTION |

## I. INTRODUCTION

The United States respectfully submits this memorandum in support of its detention motions in these two closely related matters. While there are two Indictments in this matter, this case involves a single investigation and two separate but at times overlapping conspiracies to distribute narcotics. This memorandum will provide a brief overview of the investigation that led to these charges, summarize the applicable law (which is of course well

U.S. Memo in Support of Detention - 1
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

known to the Court), and then address some specific issues presently known to the government that apply to individual defendants relevant to that defendant's continued detention.

## II. BACKGROUND OF THE INVESTIGATION

The cases named above arise from an approximately one-year long investigation by the DEA, with the assistance of other law enforcement agencies. This investigation revealed two separate, but briefly overlapping, conspiracies by the charged individuals (and others, known and unknown) to distribute methamphetamine, heroin, cocaine, and fentanyl. Investigators conducted hundreds of hours of surveillance, obtained permission to track multiple cell phones and vehicles, conducted controlled buys, and interdicted narcotics on at least eight occasions.

The investigation involved the use of the following court-authorized Title III wire intercepts:

- On December 6, 2019, the Honorable U.S. District Court Judge Ricardo S. Martinez signed an order authorizing the interception of the wire and electronic communications over 206-231-8342/TT18.[1] TT18 was utilized by Delmer VELASQUEZ-LICONA, a redistributor for the DTO. Interception of TT18 began on or about December 6, 2019. Interception of TT18 ended on January 4, 2020.

- On January 9, 2020, the Honorable U.S. District Court Judge James L. Robart signed an order authorizing the continued interception of the wire and electronic communications to and from 206-531-9979/TT18 (utilized by VELASQUEZ-LICONA), and authorizing the initial interception of the wire and electronic communications to and from 425-496-3287/TT19 (utilized by Rodrigo ALVAREZ-QUINONEZ, a source of supply for the DTO), and 206-929-8743/TT23 (utilized by Gustavo SANDOVAL-AGURCIA, a redistributor for the DTO). Interception began on or about December 6, 2019. Interception of the three phones ended on February 7, 2020.

- On February 14, 2020, the Honorable U.S. District Court Judge James L. Robart signed an order authorizing the initial interception of the wire and electronic communications to and from 424-395-9055/TT25 (utilized by

---

[1] TT18 was originally assigned phone number 206-231-8342, however, the phone number was changed on December 20, 2019, to 206-531-9979. The IMSI remained the same for the phone and T-Mobile continued to honor the T-III order until its expiration. The user of the phone remained Delmer Velasquez-Licona.

U.S. Memo in Support of Detention - 2
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Baldemar MARTINEZ-RICO, a narcotics associate of SANDOVAL-AGURCIA), 206-434-0684/TT35 (utilized by SANDOVAL-AGURCIA), and 206-475-7216/TT36 (utilized by Elias MONTES-SEVILLA). Interception began on or about February 14, 2020. Interception of TT35 and TT36 ended on March 3, 2020. Interception of TT25 ended on March 18, 2020.

The wiretaps and other investigative techniques revealed conspiracies to distribute methamphetamine, heroin, and fentanyl in the Western District of Washington. The investigation revealed that the primary source of supply for these conspiracies were narcotics distributors operating out of Mexico. During the initial investigation, approximately 2 kilos of heroin, 2 pounds of methamphetamine, 1.2 kilos of cocaine, and 800 grams of counterfeit fentanyl pills were seized.[2]

On August 3, 2020, Magistrate Judge Brian Tsuchida authorized search warrants—based on a single application—for 15 locations and 11 vehicles associated with the drug trafficking conspiracies. Additionally, the government obtained search warrants for one location in Oregon and two locations in California.

On August 5, 2020, law enforcement executed the warrants and found 2.5 kilos of methamphetamine, 6.4 kilos of heroin, 400 grams of cocaine, and 1,000 grams of fentanyl, four firearms, and over $100,000 in cash. That same day, investigators arrested 14 of the defendants indicted in the *Velasquez-Licona* and *Sandoval-Agurcia* cases, along with five other individuals who were subsequently charged in three separate complaints.

### A. LEGAL STANDARDS FOR DETENTION

This Court is of course quite familiar with the legal standards governing detention or release. To summarize, the Bail Reform Act provides that a court should detain a defendant pending trial if "no condition or combination of conditions . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The United States typically bears the burden of showing that a defendant poses a danger to the community by clear and convincing evidence, and it bears

---

[2] All drug quantities in this memorandum are estimates that have been rounded down.

U.S. Memo in Support of Detention - 3
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

The Bail Reform Act identifies four factors that a court should consider in analyzing detention issues: "(1) The nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug; (2) the weight of the evidence . . . ; (3) the history and characteristics of the person, including . . . family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, . . . ; and . . . (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . ." 18 U.S.C. § 3142(g). Of these factors, the weight of evidence is least important, and the statute neither requires nor permits pretrial determination of guilt. 18 U.S.C. § 3142(g).

As noted above, the government generally has the burden of proof and persuasion regarding detention. However, all of the defendants in this matter are charged with one or more serious Title 21 offenses. As to those charges, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*) . . . or an offense under section 924(c) . . . of title 18 of the United States Code . . .

18 U.S.C. § 3142(e). The return of an indictment is sufficient to support a finding of probable cause, triggering the rebuttable presumption. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986); *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991).

In a case where the presumption applies, Courts have found that the *defendant* bears the burden of producing evidence that he does not pose a danger to the community or risk of flight in order to rebut the presumption. *See United States v. Abad*, 350 F.3d 793, 797 (8th

U.S. Memo in Support of Detention - 4
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Cir. 2003); *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.2001);. *Stricklin*, 932 F.2d at 1354. The government retains the burden of persuasion. *Mercedes*, 254 F.3d at 436.

However, even if a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear. Rather, it remains a factor to be considered among those weighed by the district court. *See Stricklin*, 932 F.2d at 1354-55; *Mercedes*, 254 F.3d at 436; *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). If the presumption were to vanish once a defendant produced *some* evidence, courts would not give adequate deference to the fact that Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir.1986); *United States v. Hare*, 873 F.2d 796, 798 99 (5th Cir.1989).

Finally, it is well settled that at a detention hearing the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in the offense, the weight of the evidence against the defendant, and other relevant factors. *See, e.g. United States v. Salerno*, 481 U.S. 739, 743 (1987); *United States v. Winsor*, 785 F.2d 757 (9th Cir. 1986); *United States v. Cardenas*, 784 F.2d 937 (9th Cir.), *vacated as moot upon defendant's conviction*, 792 F.2d 906 (9th Cir. 1986). The statements of fact herein, which are based on the wiretap and search warrant affidavits sworn to the Court, and a summary of the results of said searches, is presented as such a proffer.

### B. INDIVIDUAL DEFENDANT ROLES AND ANALYSIS

The following defendants present particular risks of flight and/or a danger to the community due to their role in the offense, immigration status, criminal history, possession of firearms, or some combination of the above.

### Velazquez-Licona Indictment (CR20-093 JCC)

1. **Delmer Velasquez-Licona**. Velasquez-Licona is charged with the following crimes:

    Count 1:    Conspiracy to Distribute Fentanyl, 21 U.S.C 841(b)(1)(A)
                       Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(A)

U.S. Memo in Support of Detention - 5
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | |
|---|---|---|
| Count 2: | Distribution of Heroin, 21 U.S.C 841(b)(1)(C) | |
| | July 31, 2019 | |
| Count 3: | PWI Heroin, 21 U.S.C 841(b)(1)(C) | |
| | PWI Fentanyl, 21 U.S.C 841(b)(1)(C) | |
| | August 9, 2019 | |
| Count 4: | Attempted PWI Fentanyl, 21 U.S.C 841(b)(1)(C) | |
| | Dec. 9, 2019 | |
| Count 6 | PWI Fentanyl, 21 U.S.C 841(b)(1)(B) | |
| | Dec. 31, 2019 | |
| Count 7 | Distribution Fentanyl, 21 U.S.C 841(b)(1)(C) | |
| | January 2, 2020 | |
| Count 8 | PWI Heroin, 21 U.S.C 841(b)(1)(A) | |
| | January 15, 2020 | |

Velasquez-Licona is the user of two of the intercepted cell phones. The intercepts revealed that Velasquez-Licona was a distributor of fentanyl and heroin in the Western District of Washington. After being detained with both fentanyl and heroin (August 9, 2020), Velasquez-Licona admitted to his role in distributing narcotics. Of particular concern is that on January 15, 2020, Velasquez-Licona – at the direction of an individual with a Mexican-based telephone number – broke into an apartment in South Seattle to retrieve over 1,188 grams of heroin. In this instance, and others, the wiretap also revealed that Velasquez-Licona directed the activities of other members of the conspiracy.

Velasquez-Licona's immigration status is not known at this time.

2. **Rodrigo Alvarez-Quinonez.** Alvarez-Quinonez is charged with the following crimes:

| | | |
|---|---|---|
| Count 1: | Conspiracy to Distribute Fentanyl, 21 U.S.C 841(b)(1)(A) | |
| | Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(A) | |
| Count 9 | PWI Fentanyl, 21 U.S.C 841(b)(1)(A) | |
| | January 20, 2020 | |

Alvarez-Quinonez is the user of one of the intercepted cell phones. The intercepts revealed that Alvarez-Quinonez was a narcotics source of supply for Velasquez-Licona and

U.S. Memo in Support of Detention - 6
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

likely other individuals. Intercepts reveal Alvarez-Quinonez's involvement in directing Velasquez-Licona (and Saul Suarez-Mata) to distribute fentanyl. In addition, intercepts reveal that Alvarez-Quinonez directed co-defendant Jorge Ramos to retrieve narcotics from California and Arizona and to deliver these drugs to him in Oregon. On January 20, 2020, Alvarez-Quinonez and Ramos were detained, and over 1,800 grams of fentanyl pills were confiscated from their vehicle.

Alvarez-Quinonez's immigration status is not known at this time.

3. **Jorge Cruz-Hernandez.** Cruz-Hernandez is charged with the following crimes:

| Count 1: | Conspiracy to Distribute Fentanyl, 21 U.S.C 841(b)(1)(A) |
| | Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(A) |

| Count 6 | PWI Fentanyl, 21 U.S.C 841(b)(1)(B) |
| | Dec. 31, 2019 |

| Count 8 | PWI Heroin, 21 U.S.C 841(b)(1)(A) |
| | January 15, 2020 |

Cruz-Hernandez is a close narcotics associate of Velasquez-Licona (for a time they appeared to share the same residence). Cruz-Hernandez has delivered fentanyl pills to other individuals at the direction of Velasquez-Licona. This specifically includes an incident on December 31, 2019, in which Cruz-Hernandez delivered approximately 1,000 fentanyl pills to Hernandez-Hernandez. Cruz-Hernandez was also involved in the residential burglary in which Velasquez-Licona, Escoto-Fiallos, and he broke into an apartment in South Seattle to retrieve over 1,188 grams of heroin at the direction of an individual using a Mexican-based telephone number.

Cruz-Hernandez does not have legal status in this country and an ICE detainer has been issued for him.

4. **Juan Hernandez-Hernandez**. Hernandez-Hernandez is charged with the following crime:

| Count 6 | PWI Fentanyl, 21 U.S.C 841(b)(1)(B) |
| | Dec. 31, 2019 |

U.S. Memo in Support of Detention - 7
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

In this incident, Hernandez-Hernandez received approximately 1,000 fentanyl pills from Cruz-Hernandez. Cruz-Hernandez was working at the direction of Velasquez-Licona, who in turn was working at the direction of Alvarez-Quinonez. Hernandez-Hernandez's role in this conspiracy is the continuing subject of investigation.

Hernandez-Hernandez does not have legal status in this country and an ICE detainer has been issued for him.

5. **Jose Fernando Escoto-Fiallos.** Escoto-Fiallos is charged with the following crimes:

| | |
|---|---|
| Count 1: | Conspiracy to Distribute Fentanyl, 21 U.S.C 841(b)(1)(A) |
| | Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(A) |
| Count 8 | PWI Heroin, 21 U.S.C 841(b)(1)(A) |
| | January 15, 2020 |

Escoto-Fiallos is a close narcotics associate of Velasquez-Licona. Escoto-Fiallos was involved in the residential burglary in which Velasquez-Licona, Cruz-Hernandez, and he broke into an apartment in South Seattle to retrieve over 1,188 grams of heroin at the direction of an individual using a Mexican-based telephone number.

Escoto-Fiallos does not have legal status in this country and an ICE detainer has been issued for him.

6. **Saul Surez-Mata**. Suarez-Mata is charged with the following crimes:

| | |
|---|---|
| Count 1: | Conspiracy to Distribute Fentanyl, 21 U.S.C 841(b)(1)(A) |
| | Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(A) |
| Count 4: | Attempted PWI Fentanyl, 21 U.S.C 841(b)(1)(C) |
| | Dec. 9, 2019 |

Suarez-Mata is a close narcotics associate of Velasquez-Licona. He can be heard on a variety of intercepts negotiating narcotics transactions with Velasquez-Licona and Alvara-Quinonez. Suarez-Mata specifically assisted Velasquez-Licona in delivering fentanyl to Tara Scott on December 9, 2029.

Suarez-Mata does not have legal status in this country and an ICE detainer has been issued for him.

U.S. Memo in Support of Detention - 8
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. **Jorge Alberto Ramos.** Ramos is charged with the following crimes:

Count 1: Conspiracy to Distribute Fentanyl, 21 U.S.C 841(b)(1)(A)
Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(A)

Count 9  PWI Fentanyl, 21 U.S.C 841(b)(1)(A)
January 20, 2020

Ramos works directly for Alvarez-Quinonez as a narcotics courier and retrieved and transported narcotics from California and Arizona. Intercepts reveal that Jorge Ramos delivered narcotics from California to Alvarez-Quinonez. On January 20, 2020, Ramos and Alvarez-Quinonez were detained, and over 1,800 grams of fentanyl pills were confiscated from their vehicle.

The government has been informed that Ramos owns a small piece of property in Mexico and has been building a house on it. Ramos has family in Mexico and has visited that country regularly. Ramos claims residence in the US since 1978 and status since 1984.

**Sandoval-Agurcia Indictment (CR20-094 JCC)**

1. **Gustavo Sandoval-Agurcia**. Sandoval-Agurcia is charged with the following crimes:

Count 1  Conspiracy to Distribute Methamphetamine, 21 U.S.C 841(b)(1)(A)
Conspiracy to Distribute Cocaine, 21 U.S.C 841(b)(1)(A)
Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(C)

Count 2  PWI Methamphetamine, 21 U.S.C 841(b)(1)(A)
PWI Cocaine, 21 U.S.C 841(b)(1)(A)
PWI Heroin, 21 U.S.C 841(b)(1)(C)
February 25, 2020

Sandoval-Agurcia is the user of two of the intercepted cell phones. The intercepts reveal that Sandoval-Agurcia is a narcotics redistributor based in Kent, Washington. During this investigation, investigators have seized cocaine and methamphetamine from Sandoval-Agurcia directly. Sandoval-Agurcia is supplied by Jorge Uriel Esquival-Mena who is based in both the Oakland area of California and Beaverton area of Oregon. During intercepts,

U.S. Memo in Support of Detention - 9
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Sandoval-Agurcia and Esquival-Mena have had multiple interactions discussing the pricing and sale of various types of narcotics.

Sandoval-Agurcia works in a partnership with Elias Montes Sevilla to distribute heroin, methamphetamine, cocaine, and suspected "M30" pills. Multiple intercepts have indicated the two share associates and proceeds from narcotics sales. Additionally investigators have intercepted multiple "accounting" calls between the two discussing how much money is owed to them from their narcotics activity.

On February 25, 2020, Sandoval-Agurcia arranged to transport narcotics from Californian to Washington. He was detained and approximately 1,100 grams of cocaine, 490 grams of methamphetamine, and 30 grams of heroin were seized from his vehicle.

Sandoval-Agurcia does not have legal status in this country and an ICE detainer has been issued for him.

2. **Elias Neftali Montes-Sevilla.** Montes-Sevilla is charged with the following crimes:

Count 1     Conspiracy to Distribute Methamphetamine, 21 U.S.C 841(b)(1)(A)
Conspiracy to Distribute Cocaine, 21 U.S.C 841(b)(1)(A)
Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(C)

Montes-Sevilla is the user of two of the intercepted cell phones. Montes-Sevilla is one of the main co-conspirators of the DTO based in SeaTac, Washington. Montes-Sevilla works in a "partnership" with Sandoval-Agurcia. Sandoval-Agurcia has been intercepted referring to Montes-Sevilla as "boss." Further, Montes-Sevilla appears to deal with the "accounting" for the narcotics transactions that Sandoval-Agurcia participates in. Per intercepts, Montes-Sevilla is well aware of Sandoval-Agurcia's narcotics transactions.

On February 25, 2020, investigators seized fentanyl, cocaine, and methamphetamine from Sandoval-Agurcia directly, a transaction discussed with Montes-Sevilla beforehand. During this event, investigators believe that five individuals (to include Montes-Sevilla) conspired to transport and deliver narcotics to Western Washington.

U.S. Memo in Support of Detention - 10
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

On August 5, 2020, during the search of Montes-Sevilla's residence, two firearms were recovered.

Montes-Sevilla does not have legal status in this country and an ICE detainer has been issued for him.

3. **Jorge Uriel Esquival-Mena.** Jorge Esquival-Mena is charged with the following crimes:

> Count 1 Conspiracy to Distribute Methamphetamine, 21 U.S.C 841(b)(1)(A)
> Conspiracy to Distribute Cocaine, 21 U.S.C 841(b)(1)(A)
> Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(C)

Jorge Esquival-Mena is a multi-kilogram heroin, cocaine, and methamphetamine source of supply based in Fairfield, California, and Beaverton, Oregon, with a distribution cell (Sandoval-Agurcia/Montes-Sevilla) in the Seattle, Washington area. Jorge Esquival-Mena has been intercepted discussing narcotics transactions with Baldemar Martinez-Rico and Gustavo Sandoval-Agurcia. Further, Jorge Esquival-Mena has a relative/close associate (Francisco Esquival-Mena) who delivers Jorge Esquival-Mena's narcotics supply to Washington based redistributors. During the interception period, Jorge Esquival-Mena coordinated a narcotics transactions with Sandoval-Agurcia. This transaction resulted in the seizure of approximately 1,100 grams of cocaine, 490 grams of methamphetamine, and 30 grams of heroin from Sandoval-Agurcia.

On August 5, 2020, during the search of Jorge Esquival-Mena's residence, two firearms were recovered.

Jorge Esquival-Mena's immigration status is not known at this time.

4. **Francisco Javier Esquival-Mena.** Francisco Esquival-Mena is charged with the following crimes:

> Count 1 Conspiracy to Distribute Methamphetamine, 21 U.S.C 841(b)(1)(A)
> Conspiracy to Distribute Cocaine, 21 U.S.C 841(b)(1)(A)
> Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(C)

Francisco Esquival-Mena is a redistributor for Jorge Esquival-Mena. During interception of Martinez-Rico's phone Francisco Esquival-Mena and he discussed a pending

U.S. Memo in Support of Detention - 11
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

narcotics shipment between Jorge Esquival-Mena and Sandoval-Agurcia. Francisco Esquival-Mena then assisted with a narcotics transaction between Jorge Esquival-Mena and Sandoval-Agurcia. This transaction resulted in the seizure of approximately 1,100 grams of cocaine, 490 grams of methamphetamine, and 30 grams of heroin from Sandoval-Agurcia.

Francisco Esquival-Mena's immigration status is not known at this time.

5. **Baldemar Martinez-Rico.** Martinez-Rico is charged with the following crimes:

Count 1     Conspiracy to Distribute Methamphetamine, 21 U.S.C 841(b)(1)(A)
               Conspiracy to Distribute Cocaine, 21 U.S.C 841(b)(1)(A)
               Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(C)

Martinez-Rico is the user of one of the intercepted cell phones. Martinez-Rico is a facilitator for the DTO, who deals mostly with Sandoval-Agurcia and Francisco Esquival-Mena. During interception of Sandoval-Agurcia, Martinez-Rico, facilitated narcotics transactions between Jorge Esquival-Mena and Sandoval-Agurcia. This transaction resulted in the seizure of approximately 1,100 grams of cocaine, 490 grams of methamphetamine, and 30 grams of heroin from Sandoval-Agurcia.

Martinez-Rico does not have legal status in this country and an ICE detainer has been issued for him.

6. **Wilmer Galindo-Maradiaga.** Galindo-Maradiaga is charged with the following crimes:

Count 1     Conspiracy to Distribute Methamphetamine, 21 U.S.C 841(b)(1)(A)
               Conspiracy to Distribute Cocaine, 21 U.S.C 841(b)(1)(A)
               Conspiracy to Distribute Heroin, 21 U.S.C 841(b)(1)(C)

Wilmer Galindo-Maradiaga is a narcotics redistributor who associates with both Sandoval-Agurcia and Velasquez-Licona. Galindo-Maradiaga has also been intercepted multiple times speaking with Sandoval-Agurcia about narcotics transactions and narcotics purchases.

Galindo-Maradiaga's immigration status is not known at this time.

//
//

U.S. Memo in Support of Detention - 12
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## VI. CONCLUSION.

For the reasons set forth above, the government respectfully submits that these defendants are unable to overcome the presumption against detention that applies to this matter, and should therefore be held at the FDC pending trial.

Dated this 10th day of August, 2020.

        Respectfully submitted,

        BRIAN T. MORAN
        United States Attorney

        */s/ Stephen Hobbs*
        STEPHEN HOBBS
        BENJAMIN T. DIGGS
        Assistant United States Attorneys
        700 Stewart Street, Suite 5220
        Seattle, Washington 98101
        Phone: 206-553-4301
        E-mail: stephen.p.hobbs@usdoj.gov

U.S. Memo in Support of Detention - 13
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/ Alissa Harris*
ALISSA HARRIS
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4439
Fax: (206) 553-4440
Email: Alissa.Harris@usdoj.gov

U.S. Memo in Support of Detention - 14
*U.S. v. Velasquez-Licona*, CR20-093 JCC;
*U.S. v. Sandoval-Agurcia*, CR20-094 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970